IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1632 |
| | ) | |
| VOLLMER OF AMERICA, | ) | Judge Conti |
| VOLLMER WERKE, RALF KRAEMER, | ) | Magistrate Judge Hay |
| TOM RITTER, GABRIEL SCHEDL, | ) | |
| DAN ZOLLER, SIEGFRIED KNUPFER, | ) | |
| MARTIN KAISER, J. (HANS) KOELBL, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the complaint in the above-captioned case be dismissed against defendants Vollmer Werke, Siegfried Knupfer, Martin Kaiser and J. (Hans) Koelbl for failure to make service.

II.   REPORT

Plaintiff, Gary W. Lewis, filed a complaint in the above-captioned matter on November 25, 2005, bringing claims of employment discrimination under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000(e), *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* Service was perfected as to defendants Vollmer of America, Ralph Kraemer, Tom Ritter, Gabriele Schedl, and Daniel Zoller on November 29, 2005, and an Answer was filed on their behalf on December 20, 2005.

On March 22, 2006, plaintiff filed a motion seeking an additional 90 days within which to serve the remaining defendants, Vollmer Werke, the parent company of Vollmer of

America, Siegfried Knupfer, Martin Kaiser and J. (Hans) Koelbl (collectively, "the German defendants"). The motion was granted on March 24, 2006, giving plaintiff until June 24, 2006, to perfect service. Having failed to perfect service by that date, and having failed to request additional time within which to do so, the Court issued an order on July 27, 2006, directing plaintiff to show cause why the case against the German defendants should not be dismissed for failure to make timely service. Plaintiff responded on August 31, 2006, arguing that Vollmer of America is an agent and alter ego of Vollmer Werke and, thus, service was properly effectuated as to Vollmer Werke at Vollmer of America on May 8, 2006. See Dkt. Nos. 19, 23. At the same time, plaintiff requested additional time to serve the individual German defendants indicating that he had engaged the services of an international process sever but had underestimated the time and effort it would take to make service pursuant to the Hague Convention. See Dkt. No. 23, pp. 3, 9. Alternatively, plaintiff asked for additional time to serve Vollmer Werke as well. With leave of court, Vollmer of America responded to plaintiff's response arguing that it is not the agent or alter ego of Vollmer Werke and that it is, therefore, not required to accept service on its behalf or on behalf of the individual German defendants.

   The undersigned issued a Memorandum Order on October 25, 2006, finding that Vollmer Werke and Vollmer of America were not so "operationally entangled" so as to be considered a single employer for purposes of Title VII and, thus, service on Vollmer Werke at Vollmer of America was not proper. See Dkt. No. 27. See also Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 85-86 (3d Cir. 2003), cert. denied, 541 U.S. 959 (2004). Noting that plaintiff had arguably been diligent in attempting to make service as evidenced, in part, by his representation that he had engaged an international process server sometime earlier but had miscalculated the amount of time necessary to make service under the Hague Convention, the Court gave plaintiff until December 31, 2006, to serve the German defendants thereby granting plaintiff the additional four months he requested to complete the process. The Court also noted that although

the 120-day time limit for making service under Fed. R. Civ. P. 4(m) does not apply to the German defendants, the time frame within which to make service was not without limit and that no additional time to effectuate service would be granted.  See In re Crysen/Montenay Energy Co.,166 B.R. 546, 553 (S.D.N.Y. 1994) ("The mere fact that Congress exempted foreign service from the 120-day requirement does not give litigants an unlimited time in which to complete service.").

To date, service has not been made on any of the German defendants.  Instead, on December 27, 2006, notwithstanding the Court's order, plaintiff filed a motion for extension of time asking for an additional *six months* to serve these defendants indicating therein that the additional time was needed because, for some inexplicable reason, he suspended efforts to serve the German defendants until the Court ruled on whether service on Vollmer Werke at Vollmer of America was proper.  Plaintiff also represents that his earlier request for a four month extension "implied four months beginning from the date that the Court ruled that service had to be perfected in Germany."  See Dkt. No. 29, p. 4.  The Court finds plaintiff's excuses unpersuasive.

First, nothing about plaintiff's request for an additional four months within which to make service implies that he should, in fact, get an additional six months simply because it took the Court two months to rule on the request.  Indeed, plaintiff filed his response to the Court's show cause order on August 31, 2006, estimating *at that time* that he would need an additional four months to complete service pursuant to the Hague Convention, a process which he purportedly had already begun.  Moreover, regardless of how much additional time plaintiff requested or what his expectations were regarding when that time would begin to run if granted, he was nevertheless only given until December 31, 2006 -- thirteen months after the complaint was filed -- to make service which he did not accomplish.

Second, it is bewildering to the Court that plaintiff would suspend his efforts to serve the German defendants pending the Court's ruling on whether Vollmer Werke was

3

properly served at Vollmer of America. Indeed, the fact that plaintiff placed the issue before the Court did not relieve plaintiff of his responsibility to diligently pursue service particularly since any ruling regarding the propriety of service on Vollmer Werke at Vollmer of America would have no impact on plaintiff's continuing obligation to serve the individual German defendants. Moreover, not only has plaintiff acknowledged that service was proper pursuant to the Hague Convention, see Fed. R. Civ. P. 4(f)(1), but he has repeatedly lamented how much time and effort the process takes. Given the Court's concern that the German defendants had not yet been served, which it expressed in July of 2006 when it directed plaintiff to show cause why the complaint should not be dismissed against them for failure to make timely service, it is difficult to imagine why plaintiff would then suspend his efforts to make service or otherwise fail to ensure that service was made as quickly as possible.[1]

Finally, the complaint in this matter was filed over one year ago during which time plaintiff has arguably made only six attempts to serve the German defendants, only two of which were made since March of 2006. Indeed, at that time -- 10 months ago -- plaintiff sought additional time to make service representing that he had attempted to make service at Vollmer of America, by asking counsel for Vollmer of America to accept service,[2] and by mail. See Dkt. No. 12. Plaintiff also represented at that time that he was conducting an investigation into

---

[1] The Court also notes that although plaintiff, in an apparent effort to show that he had been diligent in his attempts to make service, indicated in his response to the show cause order filed on August 31, 2006, that he engaged the international process server sometime earlier, the record is devoid of any evidence that any information was provided to, or that any effort to make serve was made by, that individual prior to November 17, 2006. In fact, plaintiff presently represents that after summonses were reissued, "[p]laintiff's counsel gathered all of the necessary information and documents, and sent it to the international process server, located in Washington state, on November 17, 2006." Dkt. No. 29-1, ¶ 11. Had plaintiff engaged the process server in the summer of 2006, it is curious that this information was not forwarded to him at that time.

[2] Notably, at the time, counsel for Vollmer of America denied that plaintiff had made such a request. See Dkt. No. 16, ¶ 12.

4

whether service pursuant to the Hague Convention was necessary. Id. Then, in August of 2006, plaintiff represented that the only additional attempts at service made in the intervening five months was to hire a process server in Oregon to serve the German defendants at a trade show and to again ask counsel for Vollmer of America to accept service on behalf of the German defendants. See Dkt. No. 23. Although plaintiff also indicated at that time that he had engaged the services of an international process server, the record is devoid of any evidence that any information had been forwarded to that individual or that any real efforts to secure service under the Hague Convention had actually been initiated. Now, another four months later, not only have no further attempts at service have been made since August but plaintiff represents that he suspended the efforts that were allegedly in progress only resuming those efforts on November 17, 2006. See Dkt. No. 29. Under these circumstances, it does not appear that plaintiff has been diligent in his efforts to effectuate service on the German defendants.

> Moreover, plaintiff's failure to effectuate service on these defendants has impeded the progress of the entire case. It is not insignificant that the defendants who have been served filed an Answer to the complaint twelve months ago. As well, those defendants have presently argued that with the passage of any more time it is likely that witnesses will become increasingly harder to locate or may not be available at all and their capacity to recall events will be diminished thereby prejudicing their ability to defend against this action. See Dkt. No. 30. See also In re Southold Development Corp., 148 B.R. 726, 729-30 (E.D.N.Y.1992) (Finding that "even though the 120-day deadline did not apply to service on defendants in foreign countries, the rationale behind Fed. R. Civ. P. 4, i.e., providing for the prompt movement of civil actions in the federal courts, is still be applicable.") These circumstances, coupled with the Court's earlier admonishment that failure to make service on the German defendants on or before December 31, 2006, would result in the complaint being dismissed as to them, see Dkt. No. 27, p.7, it appears that dismissal is the appropriate remedy. See Thayer v. Dial Industrial Sales, Inc., 85 F. Supp. 2d

263, 266 n.1 (S.D.N.Y. 2000) (Finding that even though the 120-day limit for service of process was inapplicable, foreign defendant who had not been served after six months was properly dismissed from suit where plaintiff had made no attempt to make service.)

        /s/   Amy Reynolds Hay
        United States Magistrate Judge

Dated: 1/8/2007

cc:     All counsel of record via Electronic Filing