IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1632 |
| | ) | |
| VOLLMER OF AMERICA, | ) | Judge Conti |
| VOLLMER WERKE, RALF KRAEMER, | ) | Magistrate Judge Hay |
| TOM RITTER, GABRIEL SCHEDL, | ) | |
| DAN ZOLLER, SIEGFRIED KNUPFER, | ) | |
| MARTIN KAISER, J. (HANS) KOELBL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case was referred to Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules of Court.

The magistrate judge's Report and Recommendation ("R&R") dated January 5, 2007, recommends that the complaint be dismissed against defendant Vollmer Werke (the "corporate German defendant"), and defendants Siegfried Knupfer, Martin Kaiser and J. (Hans) Koelbl (the "individual German defendants") for failure to make service [Doc. No. 31]. The parties were allowed ten days from the date of the R&R to file objections. Objections were filed by plaintiff on January 24, 2007 [Doc. No. 35].

With the exception of providing the court with the details of his efforts to make service through an international process server, which had been omitted from his earlier submissions, plaintiff's objections contain no new arguments regarding his failure to serve the individual German defendants. In the objections, plaintiff merely repeats that Federal Rule of

Civil Procedure 4(m), which provides which provides that service is to be made within 120 days, does not apply to the corporate German defendant or the individual German defendants (collectively, the "German defendants") and reiterates what other attempts he has made to serve them since the complaint was filed in November 2005. It appears plaintiff had obtained a quote for the cost of service pursuant to the Hague Convention sometime around March 2006 but did not commit to have the process for service commence until November 2006. Obtaining a quote is hardly the same as directing a process server to commence the service process. Plaintiff later chose not to utilize the process server from whom the quote had been obtained; but rather, plaintiff in November 2006 chose a less expensive server and hired that server. With respect to the individual German defendants, plaintiff waited approximately five months from the date the extension to effectuate service was granted by the court and approximately more than one year after the filing of the complaint to direct the commencement of the service process. As noted it was only in November 2006 that plaintiff directed the process server to commence the process to effectuate service pursuant to the Hague Convention.

   Plaintiff argues that he demonstrated good faith in attempting to make service and requests that he be afforded more time to complete the process. In the R&R the magistrate judge recognized that Rule 4(m)'s 120-day time limit for making service does not apply to the German defendants and found that even if Rule 4(m) did not apply, the time frame within which to make service was not without limit and that thirteen months was more than sufficient. See Crysen/Montenay Energy Co. v. E & C Trading Ltd. (In re Crysen/Montenay Energy Co.), 166 B.R. 546, 553 (S.D.N.Y. 1994) (fourteen-month delay before attempting to effectuate service "precluded a finding of diligence"); Official Comm. of Unsecured Creditors of Southold Dev.

Corp. v. Mitteyer (In re Southold Dev. Corp., 148 B.R. 726, 729-30 (E.D.N.Y. 1992). Plaintiff did not address this point in his objections or offer any authority to support a contrary finding.

Further, while plaintiff insists that he has acted diligently and in good faith to serve the German defendants, he acknowledges that he made only six attempts in thirteen months since the complaint was filed and only twice since March 2006, and did not authorize a service processor to begin the process for service pursuant to the Hague Convention until November 2006. In addition, having "engaged" the services of an international process server around March 2006, (although not directing that the process for service begin until November 2006) plaintiff apparently recognized the need to make service under the Hague Convention at least with respect to the individual German defendants. Plaintiff never asserted that service on the individual German defendants could be effectuated by service on Vollmer of America.

Plaintiff represented to the court around March 2006, after the court expressed concern over process not having yet been made, that he needed more time to complete the process for service through the international process server. Once the request for additional time was granted, however, plaintiff suspended his efforts to make service through the international process server. Plaintiff since indicated that he did so in the hope that the court would find that service on the corporate German defendant at Vollmer of America was proper, thereby relieving him of the expense of making service abroad on that defendant. The cost of making service, however, does not negate plaintiff's responsibility to make service within a reasonable time. Plaintiff was on notice that timely service was important. Based upon the circumstances of this case and considering the record before the court, this court concludes that the magistrate judge correctly found that plaintiff's suspension of his efforts to ensure that service was made as soon

3

as possible is probative of plaintiff's failure to act in a diligent manner at least with respect to the individual German defendants.

The question with respect to the corporate German defendant is more difficult. Here, plaintiff sought a ruling, albeit after the time to effectuate service as authorized by the court had lapsed, that service could be effected on the corporate German defendant by serving Vollmer of America, its alleged alter ego. The magistrate judge found in October 2006 that service on Vollmer of America would not be effective service on the corporate German defendant. Plaintiff at that time was afforded an additional time of approximately 60 days to effectuate service on the German defendants.

This court recognizes that 60 days may not be sufficient time to effectuate service pursuant to the Hague Convention. With respect to the individual corporate defendants the need to serve those defendants pursuant to the Hague Convention was recognized by plaintiff at least by March 2006 and the argument raised in response to the rule to show cause did not effect those individual defendants. More than sufficient time to serve those defendants pursuant to the Hague Convention had lapsed since the defendant first requested an extension of time to effectuate service on them, i.e., from March 2006 at which time plaintiff understood that service pursuant to the Hague Convention might be necessary and December 31, 2006. Plaintiff's failure to act diligently with respect to those individual defendants warrants a dismissal of the complaint against those defendants. The dismissal is especially appropriate by reason of the prejudice asserted with respect to witnesses' capacity to recall events.

With respect to the corporate German defendant, plaintiff raised an argument to support its suspension of efforts to effectuate service pursuant to the Hague Convention in that it

asserted the corporate German defendant was the alter ego of Vollmer of America and thus could be served in the United States by serving Vollmer of America. That argument was rejected in October 2006. The court notes that plaintiff on May 23, 2007 filed a notice [Doc. No. 38] that service has been effectuated upon the corporate German defendant. The court concludes under those circumstances that the R&R's dismissal of the complaint against the corporate German defendant will be reversed.

After *de novo* review of the pleadings and documents in the case, together with the R&R and objections thereto, the following order is entered:

**IT IS HEREBY ORDERED** that the Report and Recommendation dated January 5, 2007 [Doc. No. 31] is **ACCEPTED and ADOPTED** as the opinion of the court as supplemented herein with respect to Siegfried Knupfer, Martin Kaiser and J. (Hans) Koelbl, the individual defendants and is **REVERSED** with respect to Vollmer Werke, the corporate German defendant.

In accordance with the foregoing, therefore, the complaint in the above-captioned case is **DISMISSED** as to Siegfried Knupfer, Martin Kaiser and J. (Hans) Koelbl.

By the court,

Dated: May 25, 2007         /s/ Joy Flowers Conti
                            JOY FLOWERS CONTI
                            United States District Judge

cc:   Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Counsel of record