IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1632 |
| | ) | |
| VOLLMER OF AMERICA, | ) | Judge Conti |
| VOLLMER WERKE, RALF KRAEMER, | ) | Magistrate Judge Hay |
| TOM RITTER, GABRIEL SCHEDL, | ) | |
| DAN ZOLLER, SIEGFRIED KNUPFER, | ) | |
| MARTIN KAISER, J. (HANS) KOELBL, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed on behalf of defendant Vollmer Werke [Doc. 43] be granted.

II.  REPORT

Plaintiff, Gary W. Lewis, commenced this action under Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*, alleging that defendants discriminated against him because of his national origin and his age and then retaliated against him when he complained.

Defendant Vollmer Werke ("Werke") has now filed a motion to dismiss or, in the alternative, motion for summary judgmen,t arguing that it cannot be held liable in this case because it was not plaintiff's employer at any time relevant to the complaint. Rather, Werke

argues, plaintiff was employed by its subsidiary, Vollmer of America ("VOA"), which this Court has already found to be a separate entity from Werke.[1]

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). The Court is not, however, required to accept as true unsupported conclusions and unwarranted inferences. Schuylkill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997). The issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In reviewing a motion to dismiss the Court is to consider only the allegations in the complaint and any documents attached thereto. Logue v. Logano Trucking Co., 921 F. Supp. 1425, 1426 (E.D. Pa. 1996). See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994). Where, however, the moving party has included matters outside the complaint for the Court's consideration, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12 (b).

Here, not only has defendant submitted an affidavit in support of its motion but plaintiff has responded with a declaration of his own as well as a series of exhibits which the Court has considered. The Court, therefore, has treated Werke's motion as one for summary judgment. Id.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file,

---

[1] Indeed, in a Memorandum Order dated October 25, 2006, the Court found that Vollmer Werke and Vollmer of America were not so "operationally entangled" so as to be considered a single employer for purposes of Title VII and, thus, service on Vollmer Werke at Vollmer of America was not proper. See Doc. 27.

2

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial,*" or the factual record will be taken as presented by the moving party and judgment may be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

It is undisputed that under Title VII, the ADEA and the PHRA only employers may be held liable for acts of discrimination. 42 U.S.C. § 2000e-2; 29 U.S.C. § 623; 43 P.S. § 959. Werke argues that because it was not plaintiff's employer at any time relevant to the complaint, it cannot be held liable for any of plaintiff's claims. To support its position, Werke has submitted an affidavit from Ralf Kraemer in which he attests to the fact that he is the President of VOA headquartered in Carnegie, Pennsylvania, that, although VOA is a wholly owned subsidiary of Werke, Werke is a German Corporation located in Biberach, Germany, and is a separate company. See Def. Exh. A: Kraemer Aff. ¶¶ 1, 6, 12 (Doc. 46). Moreover, Werke

3

cites to the Memorandum Order previously issued in this case, in which the Court already found that Werke and VOA were not a single entity.  See Doc. 27.[2]

In response, plaintiff reiterates his argument, which this Court has previously rejected, that VOA is the agent/alter ego of Werke and, thus, they are properly regarded as a single employer.  In support thereof, plaintiff has submitted a series of exhibits, some of which were previously submitted to the Court, and, without discussion of their content, merely describes the general nature of the exhibits and concludes, without citing to any authority, that they evidence an agent/alter ego relationship between the two entities so that they should be regarded as a single employer.  Plaintiff makes no attempt to argue how, specifically, the exhibits demonstrate that the two entities are so integrated in their activities, labor relations and management that they are properly considered the same entity and the exhibits themselves to not speak to the issue.  Indeed, many of the exhibits submitted by plaintiff appear to be either e-mails in which Werke, having received an inquiry regarding a product or product services from a customer or potential customer in the United States, has forwarded it to VOA to address, or e-mails from VOA to Werke in which it relays that a particular product or part is needed by a customer, or e-mails indicating that a particular customer is having problems with a product and/or is requesting a modification of the product.  See Pl. Exhs.: Docs. 52-2, 52-3, 52-5, 52-6, 52-9, 52-12, 52-13, 52-14, 52-15, 52-16, 52-19, 52-20, 52-21.  None of these exhibits, however, demonstrates that the operations of these two companies are so intertwined that they can be

---

[2] Although plaintiff takes issue with Werke's argument that the Court has already found that VOA and Werke were not the same entity, arguing that the earlier Memorandum Order merely held that service on Werke at VOA was not proper, plaintiff's position is nonsensical.  See Pl. Brief, pp. 9, 10 (Doc. 58).  While the issue previously before the Court, and which was ultimately decided, was whether or not Werke could be served at VOA, that determination turned on whether VOA and Werke were properly considered a single entity.  Indeed, the Court concluded that service at VOA was not proper because it was "unable to conclude that the two companies are so entangled that they are properly considered a single entity for purposes of Title VII."  10/25/06 Memorandum Order (Doc. 27).  Thus, despite plaintiff's protestations, the Court has previously found that VOA and Werke are not a single entity.

4

considered a single entity. Moreover, the fact that Werke and VOA communicate with each other about products and customer needs does not appear particularly significant where it is undisputed that VOA sells Werke's products.

Other exhibits to which plaintiff cites in his brief are similarly unremarkable. For instance, plaintiff has submitted an e-mail from Ralf Kraemer in which he provided plaintiff with a 2005 price list of Werke products (Doc. 52-4); an e-mail from Mr. Kraemer in which he provided plaintiff with the e-mail addresses of two employees at Werke to whom, it appears, plaintiff was to provide product updates (Doc. 52-7); several e-mails between VOA and Werke regarding an inquiry as to what products will be shown at a Technology Event (Doc. 52-8); two e-mails that are in German and, therefore, utterly unhelpful to the Court (Docs. 52-10, 52-28); an e-mail from Kraemer to plaintiff and other VOA employees asking that they have their sale forecasts to him by 3/4/05 (Doc. 52-11); an e-mail from Mr. Kraemer to plaintiff in which he references the fact that "Mr. Seiffert," purportedly from Werke, will be at VOA the next week for "budget planning purposes" (Doc. 52-18); and a letter from J. Rieger from Werke to plaintiff dated April 2, 1992, which plaintiff previously submitted to the Court, in which Rieger states that he has received plaintiff's fax regarding his "personal situation," and that he has always thought of plaintiff as a responsible staff member (Doc. 52-22).

Although plaintiff has also resubmitted a letter from Mr. Rieger in which he recounts a discussion they had concerning plaintiff's position, salary and annual leave, the letter is prefaced with the statement that he only agreed to meet with plaintiff with the approval of Mr. Downs, the then President of VOA, who would be fully informed of what was discussed. As well, after discussing plaintiff's position "from [his] point of view," and stating his view on plaintiff's annual leave and salary, Mr. Rieger then states that he "must leave the final decision to Mr. Downs" (Doc. 52-26). Indeed, Mr. Kraemer has attested to the fact that, as the President of VOA, he is responsible for directing all the work of VOA employees and has full authority to

5

make all decisions regarding employees salaries, benefits and other terms of employment. See Kraemer Aff. ¶¶ 3, 24. Thus, while these exhibits may demonstrate that the two companies interact with each other, they do not show, as plaintiff has suggested, that the two companies are so intertwined in their activities, labor relations and management that they are, in essence, a single employer. As such, they do not provide the basis for revisiting the Court's earlier decision that the companies were not so operationally entangled so as to be considered a single entity for purposes of Title VII either. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 89 (3d Cir. 2003), cert. denied, 541 U.S. 959 (2004) (Common ownership and coordination in recruiting and hiring are insufficient to disregard the separate corporate forms).

Out of an abundance of caution, Werke also argues that, in the event plaintiff suggests that it can be held liable because Werke and VOA were "joint employers," that argument should be rejected as well. Not to disappoint, plaintiff has so responded, arguing that "there is a plethora of evidence submitted in opposition to Defendant's Motion that Werke and VOA were 'joint employers' of Plaintiff." Pl. Brief, p. 9 (Doc. 58). Unfortunately for plaintiff, he has not pointed to any.

The law is not in dispute as both parties rely on Cella v. Villanova University, 2003 WL 329147 at * 7 (E.D. Pa. Feb. 12, 2003), aff'd, 113 Fed. Appx. 454 (3d Cir. 2004), quoting Nat'l Labor Rel. Bd. v. Browning-Ferris Industries of Pa., Inc, 691 F.2d 1117,1124 (3d Cir. 1982), which held that in order for independent legal entities to be considered "joint employers," "there must be 'two or more employers exert[ing] significant control over the same employees -- where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment.'" Further, "t[o] determine whether this test has been met, three factors can be considered: '1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; 2) day-to-day supervision of employees, including employee

6

discipline; and 3) control of employee records, including payroll, insurance, taxes and the like.'" Id., quoting Podsobinski v. Roizman, 1998 WL 67548 at *3 (E.D. Pa. Feb. 13, 1998).

Here, as previously discussed, Werke has submitted an affidavit from Ralf Kraemer, who has attested to the fact that he is President of VOA, that he is responsible for VOA's day-to-day operations, directing the work of all VOA employees, maintaining of all VOA records which are maintained separately from that of Werke, that he has full authority to make all decisions for VOA regarding the hiring of employees, employee salaries, benefits and other terms and conditions of employment, that he is responsible for decisions regarding employee commissions, and that VOA maintains its own payroll system. This evidence certainly suggests that VOA, and not Werke, governs the essential conditions of plaintiff's employment and that the two entities are not "joint employers."

Plaintiff nevertheless counters arguing that Mr. Kraemer's affidavit "if true at all is patently misleading," and then "denies" the representations Mr. Kraemer has made in his affidavit stating, for instance, simply that Mr. Kraemer did not have full authority to hire plaintiff or set his salary or benefits and did not maintain plaintiff's employment records or VOA's payroll system. Pl. Brief, pp. 8, 11. Plaintiff then states that, "[t]here are facts presented by Plaintiff that Werke had control over the terms and conditions of Plaintiff's employment at VOA and this is used to prove the "joint employer theory." Id. at p. 11. Plaintiff, however, does not discuss what those facts are or how they are significant. Merely stating that the moving party's evidence is misleading or even wrong is not sufficient to overcome summary judgment. Rather, plaintiff is obligated to point to specific facts which could reasonably demonstrate that the affiants statements are, in fact, wrong or misleading thereby showing that a genuine issue exists for trial. Matsushita v. Electric Industrial Corp. v. Zenith Radio, 475 U.S. at 586-87. See U.S. v. Premises Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993)

7

("[T]he nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings").[3]

    While the Court is cognizant of the fact that plaintiff has filed a declaration in response to Mr. Kraemer's affidavit, he has referred to his declaration only three times in his brief and, with one exception, without citation to any particular paragraph or any discussion of its content or significance. Pl. Brief, p. 8.[4] Moreover, plaintiff has largely just "denied" what Mr. Kraemer has attested to -- often contradicting himself in the process[5] -- and then declares "facts" that he believes to be true without pointing to or discussing any evidence in the record to support his position. Indeed, other than the correspondence from Mr. Rieger discussed above, the only "evidence" cited by plaintiff in his declaration is Exhibit 30 which does not support the proposition for which it was cited, i.e., that Ralf Kraemer did not have control as President of VOA but rather took orders from Werke. Exhibit 30, however, is simply a letter from an attorney at the law firm of Cohen and Grigsby to plaintiff's counsel dated May 24, 2005, in response to

---

[3]Although plaintiff has made other suggestions as to why Werke and VOA are "joint employers," they have not been addressed here as they are either nonsensical or irrelevant. For instance, plaintiff asserts that the issue of whether Werke and VOA are "Joint employers" is moot since he has already demonstrated that one is the alter ego of the other; that Werke must be plaintiff's "joint employer" because it does business in Pennsylvania and is not otherwise licenced to do so; and that his assertions in the complaint supporting his claims of discrimination under Title VII and the ADEA, i.e., that certain German employees perpetuated a hostile work environment toward plaintiff, somehow evidence that Werke controlled plaintiff's compensation, benefits, day-to-day supervision and employment records.

[4]The only place where plaintiff cites to specific paragraphs of his declaration is in support of his argument that Werke may have split itself into separate entities to evade Title VII liability. Pl. Brief, p. 8. That argument, however, is only relevant when the employer splits itself into multiple entitles in order to evade the fifteen employee threshold for Title VII liability. It is not disputed in this case, however, that both VOA and Werke employ more than fifteen employees and, thus, plaintiff's argument in this regard is of no moment. See Complaint ¶ 15.

[5]For instance, in response to Mr. Kraemer's assertion that VOA is a wholly owned subsidiary of Werke, plaintiff states "Denied." Lewis Decl. ¶ 5 (Doc. 56, Exh. 1). See Kraemer Aff. ¶ 5. Yet, at paragraph 18 of his declaration, plaintiff states, "Vollmer of America is wholly owned by Vollmer Werke ...." Lewis Decl. ¶ 18. Moreover, plaintiff has repeatedly referred to the fact that VOA is a wholly owned subsidiary of Werke in other pleadings. See Doc. 21 ¶¶ 3, 5, 7; Doc. 23, pp. 2, 3, 5, 7.

8

counsel's letter informing VOA and Werke that plaintiff intended to file discrimination charges with the EEOC and the PHRC. See Lewis Decl. ¶ 1; Pl. Exhs. 29, 30. In the letter, attorney Joseph McDermott indicates that his firm represents VOA and denies that plaintiff has been discriminated or retaliated against and has copied Hugh W. Nevin, Jr., Esquire. Plaintiff then states in his declaration that:

> Cohen and Grigsby represented Vollmer Werke and a partner at Cohen and Grigsby was on its Board and the same partner could have been the common link on the Board of Vollmer of America. This is an undisclosed fact at this time and Discovery could raise the truth of the common Board Member. Cohen and Grigsby was representing VOA overzealously at the beginning of this litigation and was replaced with new counsel from a different Law Firm.

Lewis Decl., pp. 1-2. Not only does the letter not speak to whether Cohen & Grigsby represents Werke or whether one of its partners is on Werke's Board, but it is completely devoid of any information that would support the "fact" for which it was cited, i.e., that Ralf Kraemer did not run the VOA but rather took orders from Werke.

Moreover, in response to Mr. Kraemer's attestations on the ultimate question -- that VOA is a separate company from Werke -- plaintiff merely states, "Denied. Paragraph 12 is a conclusion of law for which no reply is necessary. As far as an answer may be required it is denied. There are too many facts and evidence to the contrary." Pl. Decl. ¶ 12. See Kraemer Aff. ¶ 12. As previously discussed, however, merely denying evidence set forth by the moving party is not sufficient to withstand summary judgment. U.S. v. Premises Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d at 533. Nor are conclusory, self-serving affidavits. Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002). See Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985) ("[T]he affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is 'essentially conclusory and lacking in specific facts' is inadequate to satisfy the movant [or non-movant]'s burden") (internal quotations omitted). Plaintiff has therefore failed to provide the Court with evidence from which it can properly

9

conclude that Werke and VOA are joint employers and Werke's motion for summary judgment is properly granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        */s/ Amy Reynolds Hay*
        United States Magistrate Judge


Dated: 16 January, 2008

cc:    All counsel of record via Electronic Filing